Ryan Milun (Bar No. 043412006)
**THE MILUN LAW FIRM, LLC**
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
Phone: 862-702-5010 ext. 1001
ryan.milun@milunlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE; and COAXIAL NEUROSURGICAL SPECIALISTS (as an Interested Party, only)<br><br>Plaintiffs,<br><br>vs.<br><br>TALL TREE ADMINISTRATORS,<br>Defendant. | Civil Action No.<br><br><br>**COMPLAINT** |

Plaintiff, Jane Doe, with a residential address in Union, New Jersey, and plaintiff Coaxial Neurosurgical Specialists, with a business address located at 290 Madison Avenue, Building 2, Morristown, New Jersey 07960 for their complaint against defendant Tall Tree Administrators, states:

## THE PARTIES

1. Tall Tree Administrators ("TTA") is a corporation that administers insurance products, including health insurance plans and policies, within the State of New Jersey and specifically administered a health insurance plan covering plaintiff, Jane Doe for the services provided by Coaxial Neurosurgical Specialists on or about October 29, 2025 and then again on November 4,2025.

2. Coaxial Neurosurgical Specialists ("Coaxial Neuro"), with a principal office in Morristown, New Jersey is the medical provider that performed certain surgical and other services

for plaintiff, Jane Doe. Coaxial Neuro has been denied payment by TTA, and is named only as an interested party in this action, in order to receive the appropriate payments under the plan covering Jane Doe.

3. Jane Doe is a patient of Coaxial Neuro and was the beneficiary under a health benefit plan sold by TTA to Jane Doe's employer, that specifically provided coverage for the services performed by Coaxial Neuro. By this action, Jane Doe is seeking the appropriate and required payments under the health benefit plan that was in place for the emergent care services were provided by Coaxial Neuro on October 29, 2025 and then on November 4. 2025 when the continued care services were provided by Coaxial Neuro.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1332 as this action involves a claim by plaintiffs under an employee benefit plan regulated and governed by ERISA.

5. Venue exists in this District under 28 U.S.C. §1391 in that TTA resides in this district as entities that are "subject to the Court's personal jurisdiction with respect to the civil action in question" and TTA regularly conduct business in this District including the sale of insurance policies and benefit plans to the citizens of this District.

**FACTS COMMON TO ALL COUNTS**

6. This is an action governed by ERISA and arises out of the failure of TTA to approve and pay for benefits for medically necessary surgeries performed by Coaxial Neuro. TTA has set up one obstacle after another all in an effort to avoid full payment for the covered surgeries.

7. As described below, TTA repeatedly denied or significantly underpaid for services provided by Coaxial Neuro, and in denying or underpaying claims, TTA routinely ignored relevant information and medical records provided by Coaxial Neuro on behalf of Jane Doe.

8. TTA not only made erroneous benefits determinations that should be reversed, TTA also grievously violated their duties as ERISA fiduciaries.

9. TTA has failed to act prudently and in the interest of Jane Doe, a plan beneficiary, has failed to follow written plan documents, and has failed to decide the claims under a full and fair claims procedures as set forth in ERISA's claim regulations. See 29 U.S.C. § 1104, 1133; 29 C.F.R. § 2560.503-1.

10. Plaintiffs seek payment of all benefits due and further seek injunctive and other equitable relief requiring defendant to comply with the requirement of ERISA in the future with regard to additional services provided to Jane Doe.

11. The total billed charges for the services provided by Coaxial Neuro on October 29, 2025 to Jane Doe, include the following:

a) CPT Code 99233 $1,800.00

b) CPT Code 36224 $56,609.64

c) CPT Code 36226 $64,728.00

d) CPT Code 36227 $48,916.50

Total billed: **$172,054.14**

12. Upon a review of the claims above, TTA made the following payments:

a) CPT Code 99233 $424.47

b) CPT Code 36224 $8,972.11

c) CPT Code 36226 $8,742.91

d) CPT Code 36227 $1,054.52

Total paid: **$19,194.01**

13. The total billed charges for the services provided by Coaxial Neuro on November 4, 2025 to Jane Doe, include the following:

a) $254,531.98

14. Upon review of the claim for services above TTA made the following payment

a) Total paid **$35,244.92**

15. The paltry payment made by TTA for these medically necessary emergent and continued care services from October 29, 2025 and November 4, 2025 , has left Jane Doe responsible for more than $371,287 in outstanding medical expenses.

16. By this action, Jane Doe and Coaxial Neuro are seeking to compel TTA to pay the appropriate amounts under the health benefit plan covering Jane Doe at the time the procedure was performed.

17. Jane Doe was covered by a health benefit plan through her employer, that was in effect at the time the procedures were performed.

18. The operative report for Jane Doe, dated October 29,2025, notes that Jane Doe came to the Hospital with a headache, aphasia and an aneurysm that was not ruptured. The lifesaving procedure of a trans arterial catheter based cerebral angiogram was preformed it also stated that a follow up procedure would need to be performed to prevent the aneurysm from rupturing.

19. The operative report for Jane Doe dated November 4, 2025, states that Coaxial preformed a trans arterial catheter based cerebral angiogram with a stent assisted embolization of

the aneurysm to decrease the chance of rupture and subarachnoid hemorrhage, was done as a follow up to her October 29th services.

20. In other words, on October 29, 2025 and the November 4, 2025 trans arterial catheter based cerebral angiogram procedures were preformed and are considered both emergent services and continued services which are covered at 100% per the plan documents .

21. TTA did not pay the plan amount for these emergent and continued care procedures as is required under the plan covering Jane Doe.

22. These were necessary life-saving medical and continued care procedures performed on October 29, 2025 and November 4,2025 for Jane Doe.

23. The Plan covering Jane Doe provides coverage for these types of procedures on an out of network benefits scale. Coaxial bills at the 80th percentile based on the benchmarks provided by Fair Health according to geozip, which was verified before the surgery.

24. Per the Explanation of Payments ("EOP") provided by TTA, the benefits for both procedure dates were denied/adjusted under Code UC.

25. Code UC simply states that exceeds usual allowance due to non-network provider, no further explanation provided.

26. Again, this conclusion by TTA ignores the fact that the services were provided on an emergent lifesaving basis as well as a continue of care of life saving services , which changes the payment analysis under the plan requiring both in network and out of network providers to be covered at the same rates which is a 100%.

27. In fact, according to the plan documents, because the benefits provided to Jane Doe were lifesaving services and a continuation of life saving services, TTA was required to pay the

same benefits to Jane Doe regardless of the fact that the services were provided by an Out of Network Provider, such as Coaxial Neuro.

28. In its reduced payment, it appears that TTA did not review the services or consider the services to be emergent or lifesaving, which has a payout of 100%.

29. As noted above, the procedure performed on October 29, 2025, and again on November 4, 2025, although approved by TTA prior to being performed it was later paid out a lower percentage (60% of allowed adjusted amount). The underpayment of said charges for the lifesaving medical treatment covered by Jane Doe's benefit plan, is in violation of the plan documents and ERISA.

30. TTA cannot arbitrarily choose not to comply with the required payment rates under the plan sold covering Jane Doe.

31. No other explanation or analysis was provided by TTA.

32. Jane Doe brings this action to enforce TTA's coverage obligations under ERISA and Jane Doe's health benefit plan.

## FIRST CLAIM FOR RELIEF

## FOR IMPROPER DENIAL OF BENEFITS

33. Plaintiffs repeat the allegations contained in each of the preceding paragraphs of this Complaint.

34. The Claim was submitted to TTA for the emergent/lifesaving and continued care lifesaving procedures performed on October 29, 2025 and November 4, 2025.

35. While TTA plan covers the procedure performed, the more than $371,287 in billed charges were not paid by TTA.

36. There is no justification under the plan documents for underpayment of benefits, particularly because the procedures were to respond to a life-threatening procedure, and the plan treats in network and out of network benefits for emergencies the same – i.e., they are paid at the same rates 100%.

37. TTA wrongfully denied payment of the benefits and failed to provide any valid justification for the underpayment.

38. The positions taken by TTA, in under payment of the benefits, were not only contrary to TTAs' obligations under the plan, but also violated the requirements under ERISA.

39. TTA has, and continues to, steadfastly maintain its improper under payment of benefits which is not in the best interests of the plan beneficiaries, and in this instance is a threat to her wellbeing.

40. All required administrative remedies under ERISA have been complied with and exhausted.

41. As a proximate result of the under payment of medical benefits, Jane Doe and Coaxial Neuro have been damaged in the amount of all medical benefits incurred for the life-saving procedures performed on October 29, 2025 and on November 4, 2025 in a total sum to be proven, but believed to be in excess of $371,287.

42. As a further direct and proximate result of TTA's improper coverage determinations, Jane Doe and Coaxial Neuro have been forced to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Jane Doe is entitled to have those attorney's fees and costs paid by TTA.

**WHEREFORE**, Jane Doe demands judgment on this first count of the complaint against HBCBS, as follows:

a. For compensatory damages, including all amounts owed to date for the required procedures for Jane Doe totaling **$371,287**;
b. A declaration that TTA was and is required to pay for the various procedures at issue;
c. For attorney's fees as permitted by law;
d. Interest and costs of suit;
e. Such other relief that the Court deems appropriate.

Dated: July 4, 2026

**THE MILUN LAW FIRM, LLC**
Attorneys for Plaintiffs

By: /s/ Ryan Milun
RYAN MILUN
20 Commerce Drive, Suite 135
Cranford, NJ 07016
Ph: 862-702-5010 ex 1001
Ryan.milun@milunlaw.com

**RULE 11 CERTIFICATION**

RYAN MILUN declares as follows:

I am an attorney and owner of the law firm of The Milun Law Firm, LLC, the attorneys for plaintiffs in this action. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 4, 2026

/s/ Ryan Milun
RYAN MILUN